**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| REV MITSY LYNN WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-05034-CV-SW-DPR |
| | ) | |
| CITY OF CARTHAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees. (Doc. 1.) Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to Section 1915(e), a motion to proceed without paying the filing fee should be denied – and the case should be dismissed – if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A pro se complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

Here, even liberally construed, Plaintiff's complaint does not contain sufficient factual

---

[1] A person seeking leave to proceed *in forma pauperis* must also establish an inability to pay the fees without giving up the basic necessities of life, which Plaintiff has done.

matter to state a plausible claim for relief. Rather than setting out a short and plain statement showing that Plaintiff is entitled to relief, the pleading consists largely of disconnected accusations, legal labels, and assertions concerning "fraudulent records," "ghost records," a "chocolate slush fund," an unlawful seizure of property, and other alleged misconduct. But the complaint does not clearly identify what any particular Defendant allegedly did, when the conduct occurred, or how the alleged facts satisfy the elements of any cognizable cause of action.

Although pro se complaints are construed liberally, the Court may not supply additional facts or construct legal theories on Plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because Plaintiff's allegations are largely conclusory and do not permit a reasonable inference that any Defendant is liable for any misconduct alleged, the complaint fails screening under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's complaint is also frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous where it lacks an arguable basis in law or fact, including where it rests on fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff appears to allege that Defendants' use of "ghost records," "fraudulent records," and "identity anchoring" is connected to her asserted loss of property, including gold bullion and a vehicle title, and to interference with an asserted default judgment in the amount of $33,000,000. The complaint also references a "chocolate slush fund" and other similarly opaque allegations. Even liberally construed, these assertions are largely unintelligible and, in many respects, facially implausible. The pleading does not present any discernible nonfrivolous claim for relief.

Based on the foregoing, the Clerk's Office is directed to randomly reassign this action to an Article III District Judge for further proceedings, including consideration of dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be

2

granted.[2]  The Clerk's Office shall also send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: April 24, 2026

---

[2] The undersigned lacks the authority to dismiss this matter, as all parties have not yet consented to magistrate judge jurisdiction as required by 28 U.S.C. § 636(c)(2).

3