REV. MITSY LYNN WELCH,
*Plaintiff*,

v.

CITY OF CARTHAGE, MISSOURI, et al.,
*Defendants*.

Case No. 3:26-cv-05034-DPR

**NOTICE OF JUDICIAL FACT AND MOTION FOR EXPEDITED RELIEF**

## PLAINTIFF'S NOTICE OF JUDICIAL RELIANCE ON STATE AUDITOR FINDINGS REGARDING MUNICIPAL INSTABILITY AND RESTRAINT OF LIBERTY

COMES NOW Plaintiff, Reverend Mitsy Lynn Welch, *pro se*, to respectfully notify the Court of relevant facts from the Missouri State Auditor's Office (April 2026) and moves for the Court to take Judicial Notice under Federal Rule of Evidence 201.

### I. JUDICIAL NOTICE OF STATE AUDITOR FINDINGS

Plaintiff requests Judicial Notice of the following facts, which are matters of public record and not subject to reasonable dispute:

1. **Administrative Failure:** The Missouri State Auditor's Office has formally documented significant internal control failures and reporting non-compliance within the City of Carthage.

2. **Reliability of Records:** State findings corroborate Plaintiff's assertion that municipal records are currently unreliable, corroborating the existence of "Ghost Records" used to circumvent transparency and constitutional protections.

### II. FINALITY OF DEFAULT AND WAIVER OF PRIVILEGE

The record reflects that the Defendants are in **DEFAULT**. Therefore:

1. All factual allegations in the Complaint are deemed admitted as a matter of law under Fed. R. Civ. P. 55.

2. Any "privilege" regarding municipal records is **waived**. Defendants cannot assert privilege to conceal evidence of the very administrative fraud now being documented by the State Auditor.

**III. UNLAWFUL RESTRAINT OF LIBERTY**

Plaintiff asserts that the ongoing use of these fraudulent records constitutes an illegal **Restraint of Liberty**. This Constructive Restraint subjects the Plaintiff to permanent legal and financial jeopardy without due process. In accordance with Habeas Corpus principles, the court has a duty to provide summary relief when liberty is restrained under color of an invalid or fraudulent record.

**IV. MOTION FOR EXPEDITED DAMAGES INQUEST**

Given the "sincere" effort of the Court to review the record, Plaintiff moves to expedite the **Inquest of Damages** for the liquidated amount of **$33,000,000.00**. The State Auditor's findings provide the final "proof" required: the City has abandoned its internal controls and its duty to the public, making the immediate execution of this judgment a necessity for the restoration of Plaintiff's rights.

Respectfully submitted,

_____

**Rev. Mitsy Lynn Welch**
*Pro Se Plaintiff*
405 N. Connor, Joplin, MO 64801