MITSY LYNN WELCH, )
)
Plaintiff, )
)
v. ) Case No. 3:26-cv-05034-MBB
)
CITY OF CARTHAGE, )
)
Defendant. )

## ORDER

On April 20, 2026, Plaintiff Mitsy Lynn Welch filed an Application for Leave to File Action without Payment of Fees, an Affidavit of Financial Status, and a *pro se* complaint. (**Doc. 1**). On April 28, 2026, Plaintiff filed an amended complaint.[1] (**Doc. 73**). Because the amended complaint fails to state a claim on which relief may be granted, Plaintiff's complaint is DISMISSED. All motions filed by Plaintiff are DENIED as MOOT.

### Background

Plaintiff's 1-page amended complaint states her action is "brought pursuant to 42 U.S.C. § 1983 for violations of civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." (**Doc. 73**).[2] Plaintiff's amended complaint names only one defendant – "City of Carthage, Missouri." (**Doc. 73**). Despite this, her "Statement of Facts" references "Defendants:"

> "On or about [Insert Date], Defendants stopped the Plaintiff at [Insert Location].
> During this encounter, Defendants seized the following property belonging to the

---

[1] On April 24, 2026, the magistrate judge recommended dismissing Plaintiff's original complaint "as frivolous and for failure to state a claim upon which relief can be granted." (**Doc. 13**). The record indicates Plaintiff filed her amended complaint responding to the magistrate's recommendation. *See* (**Doc. 74**).

[2] Plaintiff has filed the same amended complaint three times. *See* (**Docs. 73, 76, 79**).

Plaintiff: [List items, e.g., gold bullion, equipment, etc.]. Defendants did not provide a legal warrant or a valid receipt for the seized items. On [Insert Date], Plaintiff requested the return of the property or a record of its seizure, which Defendants refused. Furthermore, Defendants have withheld public records ('ghost records') in violation of the Missouri Sunshine Law, hindering Plaintiff's professional work."

(**Doc. 73**) (brackets in original).  Plaintiff alleges no additional facts.

## Discussion

One may commence an action without payment of fees if they submit an affidavit showing they are unable to pay such fees.  **28 U.S.C. § 1915(a)(1)**.  The Court shall "dismiss the case at *any time*" if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  **28 U.S.C. § 1915(e)(2)(B)(i)-(iii)** (emphasis added).  Section 1915(e)(2)(B) "allow[s] district courts to dismiss all meritless claims before service of process and without giving leave to amend."  ***Christiansen v. Clarke***, 147 F.3d 655, 658 (8th Cir. 1998).

"Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced."  ***Stone v. Harry***, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  ***Ashcroft v. Iqbal***, 556 U.S. 662, 677-678 (2009), *quoting* **FED. R. CIV. P. 8(a)(2)**.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  ***Id.*** at 678, *quoting **Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  ***Id.***

Plaintiff claims she is suing the City of Carthage, Missouri, "pursuant to 42 U.S.C. § 1983." (**Doc. 73**).  "Although the Supreme Court has held that a municipality is a 'person' that can be

liable under § 1983, it is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." ***Atkinson v. City of Mountain View***, 709 F.3d 1201, 1214 (8th Cir. 2013) (emphasis in original) (cleaned up). "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." ***Id.*** (cleaned up). The first step is establishing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." ***City of Canton v. Harris***, 489 U.S. 378, 385 (1989).

Plaintiff's scant factual allegations – even when liberally construed – do not state a claim against the City of Carthage, Missouri, under § 1983. Plaintiff does not allege sufficient facts, which accepted as true, demonstrate a constitutional violation occurred because of an official municipal policy, an unofficial custom, or the municipality's deliberately indifferent failure to train or supervise. *See **Iqbal***, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff may have intended to sue individual officers of the City of Carthage, Missouri's police department because her amended complaint includes "[Insert Name of Officer 1]" and "[Insert Name of Officer 2]." (**Doc. 73**) (brackets in original). But her allegations also fail to state a claim on which relief may be granted against those defendants. Plaintiff's allegations are mere "labels and conclusions" lacking sufficient factual content to permit a reasonable inference a constitutional violation occurred. *See **Twombly***, 550 U.S. at 555. Plaintiff has not "nudged" her claims "across the line from conceivable to plausible[.]" ***Id.*** at 570.

Finally, Plaintiff's amended complaint does not incorporate any of the documents filed in her case.  (**Docs. 1-12, 14-86**).  The Court, therefore, must consider only the amended complaint, which supersedes "an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).  To do otherwise would require the Court to supply additional facts or construct legal theories on Plaintiff's behalf, which the Court will not do.  *See Stone*, 364 F.3d at 914.

Accordingly, the Court ORDERS Plaintiff's *pro se* amended complaint (**Docs. 73, 76, 79**) be DISMISSED and DENIES her Application to Proceed in District Court without Prepaying Fees or Costs (**Doc. 1**) as MOOT.  All other motions filed by Plaintiff are DENIED as MOOT.  *See* (**Docs. 2-8, 12, 20, 24-25, 33-34, 43, 53-54, 56, 62, 69-70, 72, 76, 79, 84-86**).

**IT IS SO ORDERED.**

s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2026