# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

CENTRAL DIVISION

**MITSY LYNN WELCH,**
*Plaintiff,*
**v.**
**CITY OF CARTHAGE, MISSOURI, et al.,**
*Defendants.*
**Case No. 3:26-cv-05034-DPR**

---

# MOTION FOR RECONSIDERATION, REQUEST FOR EVIDENTIARY HEARING, AND MOTION FOR REASONABLE ACCOMMODATION

Comes now Plaintiff, Mitsy Lynn Welch, appearing *pro se*, and respectfully moves this Honorable Court to reconsider its Order of Dismissal entered on May 1, 2026. Plaintiff further requests an evidentiary hearing to present physical and digital evidence and moves for reasonable accommodation under the Americans with Disabilities Act (ADA).

## I. REQUEST TO BE HEARD AND PRESENT EVIDENCE

Plaintiff respectfully asks the Court for the opportunity to be heard. "Pleadings should be construed as to do substantial justice" (Fed. R. Civ. P. 8(f)). Plaintiff possesses critical evidence that has not yet been fully reviewed by the Court, including:
- **The "Red Box" Manifest:** An inventory of personal property and gold/silver refining assets seized on January 21.
- **Digital Forensic Proof:** Metadata and "Ghost Records" within Carthage Municipal Case No. 190199522, proving violations of the Missouri Sunshine Law (RSMo § 610).
- **Notice of Perfected Default:** Administrative records establishing a $33,690,000.00 default against the City of Carthage.

## II. REQUEST FOR REASONABLE ACCOMMODATION

Plaintiff informs the Court that she is an individual with a disability. This condition affects the speed and technical capacity with which she can prepare complex legal filings. Plaintiff respectfully requests that the Court provide a reasonable accommodation by allowing an oral hearing to present her claims. Denying a disabled *pro se* litigant the opportunity to explain their evidence under these circumstances would result in a manifest injustice and the unintentional obstruction of the truth.

## III. GROUNDS FOR RECONSIDERATION

Reconsideration is necessary to prevent manifest injustice. Plaintiff's claims are not frivolous; they are based on documented seizures of high-value assets and proven administrative anomalies. Plaintiff seeks only the opportunity to show the Court the physical proof that supports the $33.6M perfected default.

## IV. CONCLUSION

Plaintiff asks the Court to have patience with her limitations and to look at the evidence she has fought to bring forward. To toss this case out without a hearing would allow the Defendants to benefit from administrative obstruction. Plaintiff prays the Court will set this matter for an evidentiary hearing.

Respectfully submitted,

*s/ Mitsy Lynn Welch*

**Mitsy Lynn Welch**

Plaintiff, Pro Se

Dated: May 11, 2026