# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

MITSY LYNN WELCH, )
)
      Plaintiff, )
)
    v. )      Case No. 3:26-cv-05034-MBB
)
CITY OF CARTHAGE, )
)
      Defendant. )

## <u>ORDER</u>

On May 1, 2026, the Court dismissed Plaintiff's *pro se* amended complaint for failing to state a claim pursuant to the Court's screening review under 28 U.S.C. § 1915(e)(2)(B). (**Doc. 91**). Plaintiff appealed. (**Doc. 116**). The Eighth Circuit summarily affirmed. (**Doc. 189**). The appellate mandate has issued. (**Docs. 190**). Plaintiff has now filed a Motion for Reconsideration and Request for Judicial Intercession (which cites Federal Rule of Civil Procedure 60(b)) and a Motion for Relief Regarding Unconstitutional Administrative Burdens (which does not cite any Federal Rule of Civil Procedure). (**Docs. 191, 201**). The Court treats both motions as under Rule 60(b). Both motions are DENIED.

"Rule 60(b) relief may be afforded in only the most exceptional of circumstances." *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). While Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)[,] [i]t is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). And, under the "law of the case" doctrine, "a district court is bound" by "actual holdings" and "issues implicitly settled" by the appellate court's judgment and mandate. *Jones*, 255 F.3d at 510.

1

Here, the Court has reviewed Plaintiff's Rule 60(b) motions and her other filings. Plaintiff does not present an argument under a ground enumerated in Rule 60(b). Instead, Plaintiff asks this Court to "[r]econsider its prior orders and judgment in this matter." (**Doc. 191, p. 3**). Plaintiff cannot reargue the merits of her case on a Rule 60(b) motion. *See **Broadway***, 193 F.3d at 990. Nor can Plaintiff challenge the Eighth Circuit's affirmance of this Court's dismissal of her action with a Rule 60(b) motion. *See **Jones***, 255 F.3d at 510. The case is closed. The Court DENIES both motions. (**Docs. 191, 201**). Finally, because Plaintiff has continued to submit miscellaneous filings that clearly have no merit (bringing the total number of docket entries for the case to over 200, not including rejected filings), the Court ORDERS as follows:

1. Plaintiff is placed on restricted filing status in this case;

2. Plaintiff is required to obtain leave of Court before making any further filings in this case by filing a "Motion Pursuant to Court Order Seeking Leave to File" and attaching as an exhibit the proposed motion, document, or other material she wishes to file;

3. The proposed motion, document, or other material shall not be duplicative of a prior filing and must include (a) the case caption; (b) a document title; (c) a plain statement of the requested relief; (d) the procedural authority (e.g., Federal Rules of Civil Procedure, Local Rules, Court order) for the proposed motion or document; (e) the substantive law under which the requested relief is available; and (f) the factual basis for the requested relief;

4. If the submission meets all requirements, the Court will review it and determine if the proposed motion is properly filed in this case. Any submission that does not satisfy all requirements will be returned unfiled; and

2

5. If the Court deems the proposed motion is properly filed, it will be docketed. If the Court dockets a motion filed by Plaintiff, Defendants are not obliged to respond to it. If the Court would like any Defendant to respond to any filing, it will direct the Defendant to do so.

**IT IS SO ORDERED.**

s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2026.

3